1   MICHAEL B. LOVE, WSBA #20529
    Attorney for Plaintiff
2   MICHAEL LOVE LAW, PLLC
    905 West Riverside Ave. Ste. 404
3   Spokane, WA 99201
    Tel. No. (509) 212-1668
4   Email: mike@michaellovelaw.com

5   ROBERT F. GREER, WSBA #15619
    Attorney for Plaintiff
6   FELTMAN EWING, P.S.
    421 West Riverside Ave. Ste. 1600
7   Spokane, WA 99201
    Tel. No. (509) 838-6800
8   Email: robg@feltmanewing.com

9

10            **UNITED STATES DISTRICT COURT FOR THE**
              **EASTERN DISTRICT OF WASHINGTON**
11

| | |
|---|---|
| 12  RANDEY THOMPSON,                           Plaintiff,  13    vs.  14  CENTRAL VALLEY SCHOOL  15  DISTRICT NO. 365; BEN SMALL INDIVIDUALLY AS  16  SUPERINTENDENT OF THE CENTRAL VALLEY SCHOOL  17  DISTRICT, CENTRAL VALLEY SCHOOL DISTRICT NO. 365  18  BOARD OF EDUCATION AND IN THEIR INDIVIDUAL CAPACITY  19  BOARD OF EDUCATION MEMBERS AND DIRECTORS  20  DEBRA LONG, MYSTI RENEAU, | CASE NO.  COMPLAINT FOR (1) FIRST AMENDMENT RETALIATION CLAIMS UNDER FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION; (2) 42 U.S.C. § 1983 CLAIMS; (3) INJUNCTION; AND (4) PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER  DEMAND FOR JURY TRIAL |

COMPLAINT - 1

KEITH CLARK, TOM DINGUS,
AND CYNTHIA MCMULLEN,

Defendants.

"Our representative democracy only works if we protect the 'marketplace of ideas'. This free exchange facilitates an informed public opinion, which, when transmitted to lawmakers, helps produce laws that reflect the People's will.  That protection must include the protection of unpopular ideas, for popular ideas have less need for protection.  Thus, schools have a strong interest in ensuring that future generations understand the workings in practice of the well-known aphorism, ***"I disapprove of what you say, but I will defend to the death your right to say it."*** Justice Stephen Breyer, Associate Justice United States Supreme Court majority opinion ***Mahanoy Area School Dist. v. B.L.***, 594 U.S. ___, 7-8 (2021).

## COMPLAINT

Plaintiff, Randey Thompson, through counsel and pursuant to 42 U.S.C. § 1983, First Amendment Retaliation Claim, brings this action against Defendants, Central Valley School District No. 365 (hereinafter "School District"), the School District's Board of Education and individual Defendants, Ben Small, Superintendent of School District, and in their individual capacity as school board members/directors Debra Long, Mysti Reneau, Keith Clark, Tom Dingus, and Cynthia McMullen for violating Plaintiff's rights under the First Amendment to the United States Constitution.  As grounds therefore, Plaintiff alleges as follows:

COMPLAINT - 2

**JURISDICTION AND VENUE**

1.  The Court has jurisdiction of this lawsuit under 28 U.S.C. §§ 1331 and 1343(a) (3).

2.  Venue is proper under 28 U.S.C. § 1391(b) (2).

**PARTIES**

3.  Plaintiff, Randey Thompson (hereinafter "Mr. Thompson"), is a citizen of the United States and a resident of Spokane County, Washington.

4.  Defendant, School District, is a K-12 public school district located in Spokane Valley and Liberty Lake, Washington.  According to recent published estimates, Defendant, School District, has over 12,600 students who attend one of the twenty-one schools within the district.

5.  Defendant School District's governing body is the 5-member Board of Education which on June 16, 2021, was comprised of individual Defendants, Debra Long, Mysti Reneau, Keith Clark, Tom Dingus, and Cynthia McMullen who served as elected directors with full policy-making authority.

6.  Defendant, Ben Small, is the Superintendent of School District.  He is being sued in his personal capacity for actions taken from August 17, 2020, through present, under color of law.

COMPLAINT - 3

7.  Defendant, Debra Long, is a member of the Board of Education for School District.  She is being sued in her personal capacity for actions taken on June 16, 2021, under color of law.

8. Defendant, Mysti Reneau, is a member/director of the Board of Education for School District.  She is being sued in her personal capacity for actions taken on June 16, 2021, under color of law.

9.  Defendant, Keith Clark, is a member/director of the Board of Education for School District.  He is being sued in his personal capacity for actions taken on June 16, 2021, under color of law.

10.  Defendant, Tom Dingus, is a member of the Board of Education for School District.  He is being sued in his personal capacity for actions taken on June 16, 2021, under color of law.

11.  Defendant, Cynthia McMullen, is being sued in her personal capacity for actions taken on June 16, 2021, under color of law.

## STATEMENT OF FACTS

12.  Plaintiff, Randey Thompson ("Mr. Thompson") is 59 years old and has been employed full-time by Defendant, School District, for over 30 years from September 1991 to present.

13.  From August 2019 to June 2021, Mr. Thompson was employed as an Assistant Principal at Evergreen Middle School for Defendant, School District.

COMPLAINT - 4

14.  During his 30 plus career with Defendant School District, Mr. Thompson was never demoted or disciplined.

15.  Mr. Thompson received satisfactory and/or above average performance evaluations and several promotions.

16.  On August 17, 2020, after watching the Democratic National Convention, Mr. Thompson, a self-described conservative Republican, sent out a purely political and private post on his personal Facebook Account, on his own personal electronic device, his personal cell phone. There are two posts, copies of which are attached as Appendix A to his Complaint for Damages.

17.  These private political posts were made on Mr. Thompson's private Facebook account.

18.  The posts were not made during school hours and were not made using school property or school equipment.

19.  The post made by Mr. Thompson in his home was sent to only approximately a dozen selected close Facebook friends.

20.  The Facebook posts and Mr. Thompson's Facebook account in no way identify him as an employee or assistant principal of Defendant School District.

21.  On August 19, 2020, Mr. Thompson received a notice from Defendant, School District that he was being placed on administrative leave immediately for allegations of "unprofessional conduct" and he was further notified not to come

COMPLAINT - 5

1  onto any school property or to have any contact with any school district employee,

2  parent, or student.

3      22.  Evidently, a Facebook friend listed on Mr. Thompson's Facebook

4  account, who was a former colleague at another school (Central Valley High

5  School), received the post and that person then disseminated a screenshot of Mr.

6  Thompson's post without his prior knowledge or consent to other people.

7      23.  Mr. Thompson did not send this private political post to any

8  administrator, employee, parent or student at Evergreen Middle School.

9      24.  Instead, the former Facebook friend and former colleague Megan

10  McMurtrey, now counselor at Ridgeline High School, leaked or sent this post to

11  another employee and her sister Christy Swan, now principal at Chester Elementary

12  at Defendant School District, who then in turn forwarded it to Sasha Deyarmin,

13  Principal at Pondrosa Elementary at Defendant School District, who then in turn

14  forwarded it to Brandon Deyarmin, Assistant Principal at University High School

15  at Defendant School District, who then in turn forwarded it to Defendant, Ben

16  Small, the Superintendent of School District.

17      25.  What immediately occurred next was a vicious attack and character

18  assassination of Mr. Thompson and his reputation, as well as an attack on the First

19  Amendment to the United States Constitution and the right of a citizen to express

20  protected *political speech and expression on a matter of public concern.*

COMPLAINT - 6

26.    About a half hour after Defendant, Ben Small, received the post, Mr. Thompson was summarily put on administrative leave based upon a small handful of unidentified people who somehow were personally offended by Mr. Thompson's purely private political post, including Defendant, Ben Small.

27.    The Defendant, School District, has refused to identify any student, parent or co-worker at Evergreen Middle School who was somehow offended by the political statement.

28.    The Defendant, School District, refused to identify the individual at the time who initially made the complaint or submitted Mr. Thompson's private Facebook posting to the district.

29.    The Defendant, School District, persisted in its persecution of Mr. Thompson by placing him on paid administrative leave for the entire school year.

30.    The Defendant, School District, refused to grant permission to Mr. Thompson to come on to school grounds, with the only exception to get the Covid shots.

31.    The Defendant, School District, and Defendant, Ben Small, prohibited Mr. Thompson from having any contact or to speak with any administrators, employees, parents or students of the district even though he would see them out in public settings in the community effectively casting him as a pariah.

COMPLAINT - 7

32. Nine months after Defendant, School District, began its persecution and destruction of his reputation for exercising his First Amendment right to *political speech and expression*, Mr. Thompson was advised by Defendant, Ben Small, by an email copy of a letter that he was being demoted as assistant principal to a teaching position on May 17, 2021.

33. Mr. Thompson timely appealed pursuant to RCW 28A.405.230 Defendant, Ben Small's, decision to Defendant, School District's, Board of Education and individual Defendants and school board members/directors Long, Reneau, Clark, Dingus, and McMullen.

34. Mr. Thompson met with the individual Defendants and Board Members/Directors of Defendant School District on June 14, 2021, online in executive session during a regularly scheduled school board meeting. Mr. Thompson made it clear in executive session that the posts were protected First Amendment speech.

35. The Defendant, Board of Education, and the individual Defendants and members/directors affirmed and effectively upheld the decision of Defendant, Ben Small, to demote Mr. Thompson from an assistant principal to a classroom teacher on June 16, 2021, by memorializing a letter to Mr. Thompson of their decision thus triggering this legal action.

COMPLAINT - 8

36.  As a result of the actions taken against him, Mr. Thompson has suffered and will continue to suffer substantial damages, including loss of income and employment benefits, loss of reputation, and personal humiliation and emotional distress, among other things.

**Count One First Amendment Retaliation and Violation of Mr. Thompson's First Amended Constitutional Rights - 42 U.S.C. § 1983**

37.  Mr. Thompson re-alleges paragraphs 1 through 36 as if fully stated herein.

38.  Mr. Thompson enjoys the right to Freedom of Speech as protected by the First Amendment to the United States Constitution.

39.  At all relevant times, Mr. Thompson was engaged in constitutionally protected speech when he posted on August 17, 2020, a purely political and private post on his Facebook account which undeniably addressed matters of public concern after watching the Democratic National Convention.

40.  The First Amendment prohibits public officials from subjecting a public employee to retaliatory actions.  *Hartman v. Moore*, 547 U.S. 250, 256 (2006).

41.  Public employees do not surrender their First Amendment rights merely because of their employment status.  *Garcetti v. Ceballos*, 547 U.S. 410, 417 (2006).

COMPLAINT - 9

42.  Courts follow a five-step analysis to determine whether a government employer impermissibly retaliates against or punishes a public employee's protected speech.  The elements are as follows:

a. Whether the Plaintiff spoke on a matter of public concern;

b. Whether the Plaintiff spoke as a private citizen or public employee;

c. Whether the Plaintiff's protected speech was a substantial or motivating factor in the adverse employment action;

d. Whether the state had an adequate justification for treating the employee differently from other members of the general public; and

e. Whether the state would have taken the adverse action even absent the protected speech.

*Robinson v. York*, 566 F.3d 817, 822 (9th Cir. 2009).

43. Where the Plaintiff satisfies the first three (3) elements, the burden shifts to the employer to establish or prove the government had adequate justification for treating the employee differently, and whether the state would have taken the adverse employment action even absent the protected speech.  *Robinson,* 566 F.3d at 822.

44.  Under the elements set out above, the Defendants violated Mr. Thompson's First Amendment free speech rights.

COMPLAINT - 10

45.  Defendant, Ben Small, acting under color of Washington law, deprived Mr. Thompson of his rights under the First Amendment to the United States Constitution when he placed Mr. Thompson on administrative leave and notified Mr. Thompson that he was reassigning him and effectively demoting him from a position as assistant principal to teacher.

46.  Defendants, Long, Reneau, Clark, Dingus and McMullen, acting under color of Washington law, deprived Mr. Thompson of his rights under the First Amendment to the United States Constitution when they voted to affirm and effectively upheld the decision of Defendant, Ben Small, to demote Mr. Thompson.

47.  Defendant, School District's Board of Education, Defendants, Long, Reneau, Clark, Dingus and McMullen, had authority to set policy for Defendant, School District, and did set policy for Defendant School District when they voted to affirm and upheld the decision to demote Mr Thompson on June 16, 2021.

48.  Mr. Thompson's protected speech was a substantial or motivating factor in Defendants' decision to demote Mr. Thompson from an assistant principal to a teacher.  But for Mr. Thompson's protected speech he would not have been demoted and disciplined.

49.  As a direct and proximate result of Defendants' violation of Mr. Thompson's constitutional rights, Mr. Thompson has suffered a loss of income and employment benefits, loss of reputation, personal humiliation and emotional

COMPLAINT - 11

distress, among other injuries and damages allowed under the law, including but not limited to, 42 U.S.C. § 1983.

<b>Count Two – Injunctive Relief</b>

50.  Mr. Thompson re-alleges paragraphs 1 through 49 as if fully stated herein.

51.  The conduct of Defendants, as set forth above, violates the First Amendment to the United States Constitution and entitles Mr. Thompson to damages and all remedies under 42 U.S.C. § 1983.

52.  If Defendants' conduct and retaliation against Mr. Thompson is allowed to continue, then Mr. Thompson will suffer irreparable harm.

53.  Based upon the conduct and allegations set forth above, it is highly likely that Mr. Thompson will prevail on the merits.

54.  Based upon the conduct and allegations set forth and described in detail above, the balance of equities tips in Mr. Thompson's favor therefore justifying issuance of an injunction, preliminary injunction, and temporary restraining order.

55.  Based upon the conduct and allegations set forth and described above, the issuance of injunctive relief is in the public interest.

56.  Based on the conduct and allegations set forth and described in detail above, Mr. Thompson is entitled to injunctive relief in the form of a permanent injunction, preliminary injunction, and a temporary restraining order restraining and

COMPLAINT - 12

prohibiting further retaliation, discipline, and other actions against Mr. Thompson in violation of his First Amendment Constitutional rights and an order or judgment in Mr. Thompson's favor reinstating him to his prior job or position of assistant principal at Evergreen Middle School.

WHEREFORE, Mr. Thompson respectfully requests the Court enter judgment in his favor and against Defendants, jointly and severally, as follows: (1) an award of compensatory and special damages in an amount to be determined at trial; (2) an award of punitive damages against Defendants Small, Long, Reneau, Clark, Dingus, and McMullen in an amount to be determined at trial; (3) an award of reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; (4) For a permanent injunction, preliminary injunction and temporary restraining order restoring and reinstating Mr. Thompson to the position of Assistant Principal at Evergreen Middle School and further precluding and preventing Defendants from retaliating, disciplining, and taking other actions against Mr. Thompson in violation of his First Amendment rights under the United States Constitution; and all other such relief that the Court deems just and proper.

### Jury Demand

A jury trial is hereby requested.

COMPLAINT - 13

1    DATED this 23 day of August, 2021

2    MICHAEL LOVE LAW, PLLC

3

4    Michael B. Love, WSBA No. 20529

5

6    FELTMAN EWING, P.S.

7

8    Robert F. Greer, WSBA No. 15619
     Attorneys for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

COMPLAINT - 14

APPENDIX A

 **Randey Thompson**
1d · 

Demtard convention opens and the only facts spoken were the names.  Lie after lie.  The fact checkers could retire on Michelle Obama's rant alone.  What s hatefull racists bitch.  If you need to lie to try and win you are just shit.  If you believe them you are even worse.  Wake the fuck up America.  You are being played by a fake media, athleats and performers (who are really clueless and flyers with pedophile man) and the former DNC, now just the little bitch of Marxist BLM, Antifa, and Soroas socialist.  You are missing out on a great country and the rest of us are sick and tired of your act and going to take you to the woodshed for a proper education.  May God help you to pull your heads out of your asses so we will not have too.  Time for the red tide.  Lets see how long until the FB liberal defenders take this one down.

👍😮 5                                          6 Comments

👍 Like          💬 Comment          ⊙ Send

8:09 AT&T　　　　　📶 95%

Demtard convention opens and the only facts spoken were the names. Lie after lie. The fact checkers could retire on Michelle Obama's rant alone. If you need to lie to try and win you are just shit. If you believe them you are even worse. Wake the f@#k up America. You are being played by a fake media, athlete and performers (who are really clueless and fly with pedophile man) and the former DNC, now just the little puppet Marxist BLM, Antifa, and Soroas socialist. You are missing out on a great country and the rest of us are sick and tired of your act and going to take you to the woodshed for a proper education. May God help you to pull your heads out of your asses. Time for the red tide wave. Lets see how long until the FB liberal defenders take this one down.