FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 01, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RANDEY THOMPSON,<br><br>     Plaintiff,<br><br>     v.<br><br>CENTRAL VALLEY SCHOOL DISTRICT NO. 365; BEN SMALL, individually as Superintendent of the Central Valley School District, CENTRAL VALLEY SCHOOL DISTRICT NO. 365 BOARD OF EDUCATION and in their individually capacity BOARD OF EDUCATION MEMBERS and DIRECTORS DEBRA LONG, MYSTI RENEAU, KEITH CLARK, TOM KINGUS, and CYNTHIA MCMULLEN<br><br>     Defendants. | No. 2:21-CV-00252-SAB<br><br><br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

Before the Court is Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, ECF No. 7. A hearing on the motion was held on October 29, 2021, in Spokane, Washington. Plaintiff was represented by Robert Greer and

**ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION ~ 1**

Michael Love. Defendant was represented by Michael McFarland and Rachel Platin.

At the conclusion of the hearing, the Court orally denied Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction. This Order memorializes the Court's oral ruling.

## Background

Prior to August 2020 Plaintiff was an assistant principal at Evergreen Middle School, which is in the Central Valley School District (CVSD). He started working at CVSD in 1991. After watching the Democratic National Convention, Plaintiff posted his thoughts about the convention on Facebook. The following post was seen on Facebook:



Although he maintains it was a private post to a select group, it appears it was posted so that others could see it. Plaintiff asserts that he did not post the above-captured post. Instead, he maintains that he posted the following:

**ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION ~ 2**

1

2

3

4

5

6

7

8

9

10

11



12    In the ensuing months, Plaintiff maintained that his Facebook account was

13 hacked and someone else posted the first example of the post.

14    One person who viewed the first Facebook post believed it to be offensive

15 and the post was forwarded on to at least three other CVSD employees until it

16 reached Ben Small, the Superintendent of CVSD. He also thought it was offensive

17 and placed Plaintiff on administrative leave on August 19, 2020. Eventually,

18 Plaintiff was demoted from his assistant principal job and is now teaching in the

19 classroom for CVSD.

20    Plaintiff filed suit on August 23, 2021, alleging claims for violation of his

21 First Amendment rights. Ultimately, he is seeking to be reinstated as assistant

22 principal at Evergreen Middle School, as well as compensatory and special

23 damages, punitive damages and attorneys' fees.

24    On September 20, 2021, Plaintiff filed his Motion for Temporary

25 Restraining Order and Preliminary Injunction.

### Motion Standard

27    "A preliminary injunction is a matter of equitable discretion and is 'an

28 extraordinary remedy that may only be awarded upon a clear showing that a

**ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER AND PRELIMINARY INJUNCTION ~ 3**

1    plaintiff is entitled to such relief.'" *California v. Azar*, 911 F.3d 558, 575 (9th Cir.

2    2018) (quoting *Winter v. NRDC*, 555 U.S. 7, 22 (2008)). "A party can obtain a

3    preliminary injunction by showing that (1) it is 'likely to succeed on the merits,'

4    (2) it is 'likely to suffer irreparable harm in the absence of preliminary relief,' (3)

5    'the balance of equities tips in [its] favor,' and (4) 'an injunction is in the public

6    interest.'" *Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017)

7    (quoting *Winter*, 555 U.S. at 20).

8    　　　The Ninth Circuit uses a "sliding scale" approach in which the elements are

9    "balanced so that a stronger showing of one element may offset a weaker showing

10   of another." *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017) (quotation

11   omitted). When the government is a party, the last two factors merge. *Drakes Bay*

12   *Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014). This means that when

13   the government is a party, the court considers the balance of equities and the public

14   interest together. *Azar*, 911 F.3d at 575. "[B]alancing the equities is not an exact

15   science." *Id*. (quoting *Youngstown Sheet & Tube Co. v. Sawyer*, 343 U.S. 579, 609

16   (1952) (Frankfurter, J., concurring) ("Balancing the equities . . . is lawyers' jargon

17   for choosing between conflicting public interests")).

18   　　　A plaintiff seeking preliminary relief must "demonstrate that irreparable

19   injury is likely in the absence of an injunction." *Winter*, 555 U.S. at 22. The

20   analysis focuses on irreparability, "irrespective of the magnitude of the injury."

21   *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 725 (9th Cir. 1999). Economic harm is

22   not normally considered irreparable. *L.A. Mem'l Coliseum Comm'n v. Nat'l*

23   *Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980).

24   　　　Due to the exigent nature of a preliminary injunction, a court may consider

25   hearsay and other evidence that would otherwise be inadmissible at trial. *Johnson*

26   *v. Couturier*, 572 F.3d 1067, 1083 (9th Cir. 2009).

27   　　　To the extent that Plaintiff is seeking money damages and back pay for the

28   loss of his administrative job, his remedy at law is adequate. *See Stanley v. Univ. of*

**ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER AND PRELIMINARY INJUNCTION ~ 4**

1  *S. Cal.*, 13 F.3d 1313, 1321 (9th Cir. 1994). Thus, the only issue currently before

2  this Court is whether Plaintiff should be reinstated as Assistant Principal at

3  Evergreen Middle School.

4          Preliminary relief may take two forms: it may be prohibitory or mandatory

5  in nature. "A prohibitory injunction prohibits a party from taking action and

6  preserves the status quo pending a determination of the action on the merits."

7  *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 878

8  (9th Cir. 2009) (alterations and quotation marks omitted). A mandatory injunction

9  orders a responsible party to "take action." *Garcia v. Google, Inc.*, 786 F.3d 733,

10  740 (9th Cir. 2015). It "goes well beyond simply maintaining the status quo

11  pendente lite and is particularly disfavored." *Stanley*, 13 F.3d at 1320 (quotations

12  omitted). The Ninth Circuit has observed that "courts should be extremely cautious

13  about issuing a preliminary injunction" in those circumstances. *Martin v. Int'l*

14  *Olympic Comm.*, 740 F.2d 670, 675 (9th Cir. 1984). When a mandatory

15  preliminary injunction is requested, the district court should deny such relief unless

16  the plaintiff can establish that the facts and law clearly favor him, not simply that

17  he is likely to succeed. *Garcia*, 786 F.3d at 740. Consequently, "[i]n general,

18  mandatory injunctions are not granted unless extreme or very serious damage will

19  result and are not issued in doubtful cases or where the injury complained of is

20  capable of compensation in damages." *Marlyn Nutraceuticals*, 571 F.3d at 879.

21                                      **Analysis**

22          Here, the Court finds that Plaintiff has not meet the requirements for

23  obtaining a mandatory preliminary injunction. First, Plaintiff cannot show

24  irreparable harm in the absence of an injunction. Plaintiff seems to be arguing that

25  simply because he is alleging his First Amendment rights are violated, the Court

26  should find he has suffered irreparable harm. But the cases relied on by Plaintiff

27  for that assertion deal with prior restraint of speech by the government. *See e.g.*

28  *Elrod v. Burns*, 427 U.S. 347 (1976) (holding that retention of government jobs

**ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINTING ORDER AND PRELIMINARY INJUNCTION ~ 5**

1  cannot be based on employee's political belief or political affiliation); *Reno v.*

2  *ACLU,* 521 U.S. 844 (1997)(challenging the constitutionality of provisions of

3  Communications Decency Act seeking to protect minors from harmful material on

4  internet). Here, Plaintiff is not arguing that CVSD is currently restraining his

5  speech. Instead, he asserts CVSD is retaliating against him for speech that was

6  made in the past. Moreover, Plaintiff is still employed with CVSD. Because his

7  salary is significantly less, however, it may be that Plaintiff is experiencing harm,

8  but it is clear the harm is not "irreparable."

9      Additionally, Plaintiff has not shown that the law and facts are clearly in his

10 favor, or that there are serious questions going to the merits. There is nothing in the

11 record to suggest that CVSD took any adverse action because of Plaintiff's

12 political views or his affiliation with any political party. Rather, the record strongly

13 suggests that CVSD took the action it did because of Plaintiff's use of certain

14 words, including using the term "Demtard," calling the former First Lady a racist

15 "bitch," using the term "short bus" in a derogatory manner, and calling students

16 "snowflakes" and "Tide Pod challenged," and because it believed that not only did

17 Plaintiff not cooperate with the investigation, but he also lied to school officials.

18      In sum, Plaintiff has not met his burden of showing that the requested

19 preliminary injunction is required or proper.

20 //

21 //

22 //

23 //

24 //

25 //

26 //

27 //

28 //

**ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER AND PRELIMINARY INJUNCTION ~ 6**

Accordingly, **IT IS HEREBY ORDERED**:

1.  Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, ECF No. 7, is **DENIED**.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order and forward copies to counsel.

**DATED** this 1st day of November 2021.



Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION ~ 7**