FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 24, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RANDEY THOMPSON,<br><br>    Plaintiff,<br><br>    v.<br><br>CENTRAL VALLEY SCHOOL DISTRICT NO. 365; BEN SMALL, individually as Superintendent of the Central Valley School District; CENTRAL VALLEY SCHOOL DISTRICT NO. 365 BOARD OF EDUCATION and in their individual capacity BOARD OF EDUCATION MEMBERS and DIRECTORS DEBRA LONG, MYSTI RENEAU, KEITH CLARK, TOM DINGUS, and CYNTHIA MCMULLEN<br><br>    Defendants. | No. 2:21-CV-00252-SAB<br><br>**ORDER RE: PENDING MOTIONS** |

    Before the Court are Defendants' Ben Small's and Central Valley School District No 365 Board of Education Members and Directors Debra Long's, Mysti Reneau's, Keith Clark's, Tom Dingus', and Cynthia McMullen's ("Individual Defendants")Motion for Summary Judgment, ECF No. 25; Plaintiff's Motion for

**ORDER RE: PENDING MOTIONS** ~ 1

Continuance of Summary Judgment, ECF No. 30; and Defendant's Motion to Strike Plaintiff's Reply [ECF No. 35] in Support of Motion to Continue or Alternatively for Leave to File a Sur-Reply, ECF No. 36. The motions were heard without oral argument. Plaintiff is represented by Robert Greer and Michael Love. Defendant is represented by Michael McFarland and Rachel Platin.

For the reasons set forth below, the Court denies the Individual Defendants' Motion for Summary Judgment; denies Plaintiff's Motion for Continuance of Summary Judgment, and grants Defendant's Moton for Leave to File a Sur-Reply.

## Background

> "[W]e … live in a time when a careless comment can ruin reputations and crater careers that have been built over a lifetime because of the demand for swift justice, especially on social media. For private employers, it is their prerogative to take action against an intemperate tweet or a foolish Facebook comment. But when the government is the employer, it must abide by the First Amendment."

*Moser v. Las Vegas Metro Police Dep't,* 984 F.3d 900, 911-12 (9th Cir. 2021).

Prior to August 2020, Plaintiff was an assistant principal at Evergreen Middle School, which is in the Central Valley School District (CVSD). He started working at CVSD in 1991. After watching the 2020 Democratic National Convention, Plaintiff posted his thoughts about the convention on Facebook. Defendant Ben Small, the Superintendent of CVSD, thought the post was offensive and placed Plaintiff on administrative leave on August 19, 2020. After conducting an investigation into the post, CVSD also uncovered other statements and conduct by Plaintiff that it found to be concerning, Eventually, Plaintiff was demoted from his assistant principal job and is now teaching in the classroom for CVSD.

Plaintiff filed suit on August 23, 2021, alleging claims for violation of his First Amendment rights. ECF No. 1. Ultimately, he is seeking to be reinstated as assistant principal at Evergreen Middle School, as well as compensatory and

**ORDER RE: PENDING MOTIONS ~ 2**

special damages, punitive damages, and attorneys' fees.

On November 1, 2022, the Court denied Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction, ECF No. 19. The jury trial is set for January 23, 2022.

## Motion Standard

### A.   Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).

When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

**ORDER RE: PENDING MOTIONS ~ 3**

Rule 56(d) provides a device for litigants to avoid summary judgment when the non-movant needs to discover affirmative evidence necessary to oppose the motion. *See Garrett v. San Francisco*, 818 F.2d 1515, 1518 (9th Cir. 1987). If a party opposing summary judgment demonstrates a need for further discovery in order to obtain facts essential to justify the party's opposition, the trial court may deny the motion for summary judgment or continue the hearing to allow for such discovery. See Fed. R. Civ. P. 56(d); *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998). In making a Rule 56(d) motion, a party opposing summary judgment must make clear "what information is sought and how it would preclude summary judgment." *Id.* at 853. When requests for additional discovery have been made, summary judgment is appropriate only where such discovery would be "fruitless" with respect to the proof of a viable claim. *Jones v. Blanas*, 393 F.3d 918, 930 (9th Cir. 2004).

### B. Qualified Immunity

The doctrine of qualified immunity shields officials from civil liability so long as their conduct "'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Mullenix v. Luna,* 577 U.S. 7, 123 (2015) (quotation omitted). It is not required that a case be directly on point, however existing precedent must have placed the statutory or constitutional question beyond debate. *Ashcroft v. al–Kidd*, 563 U.S. 731, 741 (2011). "Conduct violates a 'clearly established' right if 'the unlawfulness of the action in question is apparent in light of some pre-existing law." *Ballou v. McElvain*, 14 F.4th 1042, 1049 (9th Cir. 2021) (quotation omitted). "Put simply, qualified immunity protects all but the plainly incompetent or those who knowingly violate the law." *Mullenix,* 577 U.S. at 12 (quotation omitted).

**ORDER RE: PENDING MOTIONS** ~ 4

In making the qualified immunity determination, courts are not to define clearly established law at a high level of generality. *Id.* "The dispositive question is whether the violative nature of *particular* conduct is clearly established." *Id.* (quotation omitted).

Thus, a government official is entitled to qualified immunity from a claim for damages unless the plaintiff raises a genuine issue of fact showing (1) "a violation of a constitutional right," and (2) that the right was "clearly established at the time of [the] defendant's alleged misconduct." *Pearson*, 555 U.S. at 232. Courts may address these two prongs in either order. *Id.*

### C.  First Amendment

"It has been well accepted for more than fifty years that public employees have First Amendment rights to speak out on matters of public interest and concern, so long as the speech does not interfere with the legitimate and orderly administration of government operations." *Ohlson v. Brady*, 9 F.4th 1156, 1157-58 (9th Cir. 2021). The Ninth Circuit has recognized that it is often "difficult to draw the line between speech that is shielded by the First Amendment—because the employee is speaking as a citizen about matters of public concern—and speech as an employee which amounts to sanctionable employee misconduct." *Id.* at 1158.

The *Pickering/Garcetti* line of cases recognizes that a state, as an employer, has an interest in regulating the speech of its employees that differs significantly from its interest in regulating the speech of the citizenry in general. *See Pickering v. Bd. of Ed. of Tp. High Sch. Dist. 205*, 391 U.S. 563, 568 (1968); *Garcetti v. Ceballos*, 547 U.S. 410 (2006). This is because the state, as an employer, has an interest "in promoting the efficiency of the public services it performs through its employees." *Pickering*, 391 U.S. at 568. As a result, a governmental employer may impose certain restrictions on the speech of its employees, restrains that would be unconstitutional if applied to the general public. *Garcetti*, 547 U.S. at 416-17.

In analyzing a state employee's speech to determine the First Amendment

**ORDER RE: PENDING MOTIONS ~ 5**

protections, then, the court must balance the state employee's free speech rights with the government's interest in avoiding disruption and maintaining workplace discipline. *Moser*, 984 F.3d at 904. It does so by using the framework first articulated in *Pickering*. Under this framework, the plaintiff must first establish that (1) he spoke on a matter of public concern; (2) he spoke as a private citizen rather than a public employee; and (3) the relevant speech was a substantial or motivating factor in the adverse employment action. *Id.* (quoting *Barone v. City of Springfield, Or.*, 902 F.3d 1091, 1098 (9th Cir. 2018)).

If the plaintiff establishes his prima facie case, the burden then shifts to the state employer to show that (4) it had an adequate justification for treating its employee differently than other members of the general public; or (5) it would have taken the adverse employment action even absent the protected speech. *Id.* If the state does not meet its burden, the First Amendment protects the plaintiff's speech as a matter of law. *Id.* at 905.

While the *Pickering* balancing test presents a question of law for the court to decide, it may still implicate factual disputes that preclude it from resolving the test at the summary judgment stage. *See Eng v. Cooley*, 552 F.3d 1062, 1071-72 (9th Cir. 2009) ("Although the *Pickering* balancing inquiry is ultimately a legal question . . . its resolution often entails underlying factual disputes.").

### Analysis

In resolving the issue of qualified immunity with respect to a public employee's First Amendment retaliation claim, the Court must assume the truth of the facts as alleged by Plaintiff in evaluating (1) whether he spoke as a private citizen; (2) whether the employer's adverse employment action was motivated by the employee's speech; and (3) whether the employee's speech was a but-for cause of the adverse employment action. *Id.* The public concern inquiry is purely a question of law—if the speech in question does not address a matter of public concern, the speech is unprotected and qualified immunity should be granted. *Id.* at

**ORDER RE: PENDING MOTIONS ~ 6**

1070-71. "Whether an employee's speech addresses a matter of public concern must be determined by the content, form, and context of a given statement, as revealed by the whole record." *Connick v. Myers,* 461 U.S. 138, 147-48 (1983). "[T]he content of the speech is generally the most important." *Karl v. City of Mountlake Terrace*, 678 F.3d 1062, 1069 (9th Cir. 2012). In reviewing form and context, courts should focus on the point of the speech, looking to such factors as the employee's motivation and the audience chosen for the speech." *Ulrich v. City & County of San Francisco,* 308 F.3d 968, 979 (9th Cir. 2002) (citation and internal quotation marks omitted).

Here, Plaintiff asserts he was speaking as a private citizen, using his private computer, and was speaking on a matter of public concern, namely the 2020 Democratic National Convention. For purposes of this motion, the Court accepts Plaintiff's allegations as true. *See Eng*, 552 F.3d at 1071-72. And in accepting Plaintiff's allegations as true, the Court finds it would have been unreasonable for the school officials to conclude that his speech was unprotected under the First Amendment. *See Brewster v. Bd. of Ed.*, 149 F.3d 971 (9th Cir. 1998). Also, at the minimum, Defendants were on notice that even offensive speech deserves some protection. *See Snyder v Phelps*, 562 U.S. 443 (2011);[1] *see also Rankin v. McPherson*, 483 U.S. 378, 387 (1987) (holding that the arguably "inappropriate or

---

[1] In *Snyder*, the U.S. Supreme Court concluded the "content" of Westboro's signs plainly related to broad issues of interest to society at large, rather than matters of "purely private concern." The placards read "God Hates the USA/Thank God for 9/11," "America is Doomed," "Don't Pray for the USA," "Thank God for IEDs," "Fag Troops," "Semper Fi Fags," "God Hates Fags," "Maryland Taliban," "Fags Doom Nations," "Not Blessed Just Cursed," "Thank God for Dead Soldiers," "Pope in Hell," "Priests Rape Boys," "You're Going to Hell," and "God Hates You." *Snyder*, 562 U.S. at 1216-17.

**ORDER RE: PENDING MOTIONS** ~ 7

controversial character of a statement is irrelevant to the question whether it deals with a matter of public concern."). Finally, at this stage of the proceedings, questions of fact exist regarding whether Plaintiff's speech was speech on a matter of public concern; whether Plaintiff spoke as a private citizen when making the speech; and whether Defendant had adequate justification to treat Plaintiff differently than other members of the public. Consequently, Defendants have not shown they are entitled to qualified immunity.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

**ORDER RE: PENDING MOTIONS ~ 8**

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Ben Small's and Central Valley School District No 365 Board of Education Members and Directors Debra Long's, Mysti Reneau's, Keith Clark's, Tom Dingus', and Cynthia McMullen's Motion for Summary Judgment, ECF No. 25, is **DENIED**.

2. Plaintiff's Motion for Continuance of Summary Judgment, ECF No. 30, is **DENIED, as moot**.

3. Defendants' Motion to Strike Plaintiff's Reply [ECF No. 35] in Support of Motion to Continue or Alternatively for Leave to File a Sur-Reply, ECF No. 36, is **DENIED**, in part, and **GRANTED**, in part. The Court permits Defendants to file a Sur-Reply.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order and forward copies to counsel.

**DATED** this 24th day of February 2022.

Stanley A. Bastian
Chief United States District Judge

**ORDER RE: PENDING MOTIONS ~ 9**