FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 12, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RANDEY THOMPSON,<br><br>  Plaintiff,<br><br>  v.<br><br>CENTRAL VALLEY SCHOOL DISTRICT NO. 365; BEN SMALL, individually as Superintendent of the Central Valley School District; CENTRAL VALLEY SCHOOL DISTRICT NO. 365 BOARD OF EDUCATION and in their individual capacity BOARD OF EDUCATION MEMBERS and DIRECTORS DEBRA LONG, MYSTI RENEAU, KEITH CLARK, TOM DINGUS, and CYNTHIA MCMULLEN,<br><br>  Defendants. | No. 2:21-CV-00252-SAB<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

  Before the Court is Defendants' Motion for Reconsideration, ECF No. 79. The motion was heard without oral argument. Plaintiff is represented by Michael Love, Megan Clark, Samir Dizdarevic-Miller, and Robert Greer. Defendants are represented by Michael McFarland, Jr., Christopher Kerley, and Rachel Platin.

**ORDER RE: MOTIONS TO EXCLUDE** ~ 1

Defendants ask the Court to reconsider its ruling excluding Dr. Barry's opinions.

Generally, motions for reconsideration are disfavored. *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). As such, "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law. *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

Defendants assert the Court committed clear error because Dr. Barry cited to CVSD Policies when making her conclusions. Dr. Barry provided the following opinions:

1. Plaintiff was not honest in his representations to CVSD supervisors about this matter. He is unlikely to experience the full trust of supervisors or board members in his continued employment at the CVSD.
2. Plaintiff's protected speech is not at issue in this case and his political views were not the basis of administrative concern, investigation or adverse action.
3. The question of Plaintiff's ability to advance a culture of inclusivity was not a matter of marginal importance because was based on principles set by the CVSD board and administration as high, clear priorities. As an administrator, Plaintiff had a higher obligation to act upon and lead by those values than he demonstrated, both in the workplace and in his personal use of social media.
4. Plaintiff's judgment in his use of social media as well as "name-calling and shaming" at work fall below the standard his CVSD supervisors have a right to expect and do expect from their building leaders.
5. The role of a school administrator is broader in authority, public reach, visibility and scrutiny than the role of classroom teacher.

**ORDER RE: MOTIONS TO EXCLUDE ~ 2**

6. CVSD properly executed the transfer of Plaintiff to a subordinate certified position in keeping with the authority of the superintendent set forth in policy and statute.

7. Based on the totality of Plaintiff's conduct revealed through the District's investigation, CVSD's decision to transfer him to a position of less authority, visibility, and influence was proper and justified by the reasons stated in the Notice of Transfer.

In granting the motion to exclude, the Court was concerned that in stating her conclusions, Dr. Barry was to be simply restating the evidence and placing her own spin on it. This still remains true. On a case such as this, Dr. Barry's opinion is not necessary to validate the decisions made by CVSD. While Dr. Barry may have consulted CVSD's practices and procedures in forming her conclusions, her opinion continues to neither be appropriate nor helpful to the jury.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Reconsideration, ECF No. 79, is **DENIED**.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order and forward copies to counsel.

**DATED** this 12th day of June 2024.



Stanley A. Bastian
Chief United States District Judge

**ORDER RE: MOTIONS TO EXCLUDE ~ 3**